The Attorney General has considered your request for an opinion wherein you ask, in essence, the following question: ' Does the practice followed by the Pardon and Parole Board of voting by mail on whether to recommend clemency for a prison inmate violate the Open Meeting Act? The Open Meeting Act, 25 O.S. 301 [25-301] et seq. (1977), contains a declaration of public policy. That declaration, in 25 O.S. 302 [25-302], provides: "It is the public policy of the State of Oklahoma to encourage and facilitate an informed citizenry's understanding of governmental processes and governmental problems." The Act requires notice be given of meetings, requires votes taken in such meetings to be publicly cast and recorded, and prohibits closed sessions except for certain specific actions. The Act in 25 O.S. 306 [25-306] prohibits decision making by: ". . . informal gatherings or any electronic or telephonic communications among a majority of members . . ." 25 O.S. 313 [25-313] invalidates actions taken in willful violation of the Open Meeting Act. The Pardon and Parole Board was created by Okla. Const., Article VI, Section 10. The Board is supported by appropriations from the State and salaries are paid pursuant to 57 O.S. 332.4 [57-332.4] (1975). Under 57 O.S. 332.2 [57-332.2] (1971) the Board meets on the call of its Chairman to examine the merits of an application for clemency and to make a recommendation concerning the same to the Governor. It is important to note that the Board makes the recommendation, not the individual members of the Board. Under the Rules of the Pardon and Parole Board, found at 57 O.S.A. Ch. 7, App., a procedure for voting by mail is authorized. The rule provides: "Three members of the Board shall constitute a quorum. A recommendation of clemency requires at least three affirmative votes. In the event of absence of any member the written votes of such member may be mailed in to the office of Division of Probation and Parole, Department of Corrections, to the Warden of the affected institution, to the Chairman, or any Member of the Pardon and Parole Board." The above rule was adopted June 18, 1972 and therefore predates the Oklahoma Open Meeting Act. There are two basic problems with this procedure. The first is that it authorizes the casting of a vote on a matter not within the "executive session exceptions of the Act, which vote is not publicly cast and recorded. The second problem is that it authorizes the doing of business of the Board outside the parameters of a public meeting. It is fundamental that for a board or commission to act, the members of that board or commission must meet as a board or commission. The vice of the voting-by-mail method is that it allows the decisions of the Board to be made in a manner other than at an open meeting. The procedure involved violates both the spirit and purpose of the Open Meeting Act and in so doing clearly violates the legislative purpose expressed in the Act. The validity of action taken by such votes depends on whether the violation of the Open Meeting Act was "willful," 25 O.S. 313 [25-313] (1977). The willfulness of an act is inherently a question of fact and is not therefore susceptible of resolution by Opinion of the Attorney General. It is, therefore, the official Opinion of the Attorney General that the procedure employed by the Pardon and Parole Board whereby members are allowed to cast their votes by mail is a procedure which contravenes the Open Meeting Act. (JOHN GREGORY THOMAS) (ksg)